**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HERMILO SANCHEZ BENTURA,

Petitioner,

v. No. 2:26-cv-02844-MLG-GBW

Warden of Otero County Processing Center; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Hermilo Sanchez Bentura's pro se petition for writ of habeas corpus ("Petition"), filed August 28, 2026. *See* Doc. 1. Sanchez Bentura challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 3. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 5 at 1. Federal Respondents instead contest Petitioner's assertion that he is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[2] and maintain, for purposes of

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Otero County Processing Center.
[2] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

preservation, that Petitioner is subject to the mandatory detention provisions provided for in § 1225(b)(2).[3] Doc. 5 at 2. Despite this stance, Respondents concede that *Santillan Quiroz* is the controlling law in the 10th Circuit and that under *Santillan Quiroz*, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). Doc. 5 at 2-3. Given the undisputed fact that Petitioner entered the United States in 2004 and was detained in the interior of the country in 2026, the Court concludes that § 1226(a) governs his detention. Doc. 1 at 7-8. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Sanchez Bentura's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

Federal Respondents argue that the appropriate relief under *Santillan Quiroz* is an order to hold a bond hearing or else release the petitioner. Doc. 5 at 3. However, *Santillan Quiroz* does not mandate a bond hearing as the only form of relief. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation

[3] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than twenty-four hours from this Order's filing) Sanchez Bentura from custody.
2. Upon Sanchez Bentura's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA